UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC WILLIAM JOHNSON ) | Civil Action No. |
| ) | |
| Plaintiff ) | COMPLAINT |
| ) | |
| DENISE M. OLIVER ) | DEMAND FOR JURY TRIAL |
| ) | |
| Plaintiff ) | FEBRUARY 23, 2016 |
| V. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |

Plaintiffs, Eric William Johnson and Denise M. Oliver (the Plaintiffs) by and through their undersigned counsel, hereby allege as follows:

**JURISDICTION AND VENUE**

I.  This Court has exclusive jurisdiction over this matter because this claim is brought pursuant to 28 U.S.C.A. §1346(b)(1) ("FTCA"). The Plaintiffs timely filed a form 95 with the Office of the General Counsel, Administrative office of the U.S. Courts, demanding a total of $20,000.00 for claimant Denise M. Oliver and $25,000.00 for the claimant Eric William Johnson. By way of correspondence dated September 10, 2015, the Administrative Office of the United States Courts denied in full the Plaintiffs' claims on the grounds that the claims were not amenable to administrative resolution due to factual discrepancies in the parties' narratives regarding the accident.

II.  Venue is proper in this District because the motor vehicle collision giving rise to this cause of action occurred in this District, and the Plaintiffs reside within the District.

## PARTIES

III. The Plaintiff Eric William Johnson was the operator of a motor vehicle that was struck from behind by a motor vehicle owned by the United States Government and operated by a United States Government employee within the scope of her official duties and employment with the United States Government.

IV. The United States Government is a division or part of the Defendant United States of America ("the Defendant") and therefore United States Government employees are employees of the Defendant.

## FACTS

### FIRST COUNT AS TO PLAINTIFF ERIC WILLIAM JOHNSON

1. On May 14, 2012 at about 11:00 a.m., the Plaintiff, Eric William Johnson was operating his 1994 Chevrolet pick-up motor vehicle (hereinafter referred to as "the Chevrolet pick-up vehicle") in a southerly direction on Dixwell Avenue at or near its intersection with Arch Street in Hamden, Connecticut.

2. At all times mentioned herein, Dixwell Avenue was and is a public highway located in the Town of Hamden, County of New Haven and State of Connecticut.

3. At all times mentioned herein, the Plaintiff Denise M. Oliver was a passenger in the Chevrolet vehicle.

4. At that same time and place, a United States Government employee, Nicole A. Owens (hereinafter referred to as "Owens") was operating a 2012 Chevrolet 4 door sedan motor vehicle owned by the United States Government (hereinafter referred to as "the U.S. vehicle") in

a southerly direction on said Dixwell Avenue, directly behind and following the Plaintiffs' Chevrolet pick-up vehicle.

5. At said time and place, at a point at the intersection of Dixwell Avenue and Arch Street, the Plaintiff, Eric William Johnson, brought his Chevrolet pic-up vehicle to a stop, and shortly thereafter the U.S. vehicle struck and collided into the rear of the Chevrolet pick-up vehicle in which the Plaintiffs were seated and stopped (hereinafter referred to as "the collision").

6. At the time of the collision, and at all times mentioned, Owens was acting as the agent, servant and/or employee of the Defendant within the scope of her official duties.

7. The collision was caused by the carelessness and negligence of Owens in any one of the following ways or in any combination thereof in that:

    a. she violated Section 14-240 of the Connecticut General Statutes by following the Chevrolet vehicle more closely than was reasonable and prudent having regard to the speed of such vehicles, the traffic upon and condition of the highway and weather conditions.

    b. she was inattentive in that she was not keeping a reasonable and proper lookout;

    c. she did not have the U.S. vehicle she was operating under such reasonable control so as to enable her to stop in time to avoid striking the Plaintiffs' Chevrolet pick-up vehicle.

    d. she did not steer and/or guide the U.S. vehicle which she was operating so as not to strike the Plaintiffs' Chevrolet pick-up vehicle.

 e. she operated the U.S. vehicle at an unreasonable rate of speed having regard to the width, traffic, intersection of streets and driveways, weather conditions and use of the highway at said time and location.

 f. she operated the U.S. vehicle with defective or inadequate brakes in violation of Connecticut General Statutes Section 14-80h, or failed to apply her brakes in time to avoid the collision.

 g. she failed to exercise due care and make use of her senses and faculties as would a reasonably prudent person under the circumstances then and there existing.

8. As a result of the collision, the Plaintiff, Eric William Johnson, suffered the following injuries and damages:

 a. he suffered cervical spine sprain/strain;

 b. he suffered lumbar spine sprain/strain;

 c. he suffered low back pain radiating into the right leg;

 d. he suffered musculoligamentous sprain/strain in the trapezoid and paraspinal musculature;

 e. he has incurred expenses for medical care, treatment, x-rays, physical therapy and may be required to incur further expenses for such purposes in the future.

 f. he suffered pain, discomfort, swelling, muscle spasms, stiffness, restricted range of motion, sleeplessness and emotional distress;

 g. he suffered a loss of life's pleasures.

9. Pursuant to FTCA, the Plaintiff seeks damages totaling $25,000.00 as compensation for the injuries and damages hereinbefore set forth, plus Court costs, expert fees and such other relief as the Court deems just and proper.

10. FTCA imposes liability upon the Defendant to pay any award of damages in this case, in as much as any such award would be based upon the negligent operation of a motor vehicle by an employee of the Defendant acting in the scope of her official duties.

## SECOND COUNT AS TO PLAINTIFF DENISE M. OLIVER

1-7. The Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 7 of Count One, as if they were fully set forth herein.

8. As a result of the collision, the Plaintiff, Denise M. Oliver, suffered the following injuries and damages:

    a. she suffered cervical spine sprain/strain;

    b. she suffered thoracic spine sprain/strain;

    c. she suffered lumbar spine sprain/strain;

    d. she suffered headaches;

    e. she suffered left hip pain;

    f. she suffered musculoligamentous sprain/strain in the trapezoid and paraspinal musculatures; she suffered with left shoulder pain;

    g. she has incurred expenses for medical care, treatment, x-rays, physical therapy and will be required to incur further expenses for such purposes in the future.

    h. she suffered pain, discomfort, swelling, muscle spasms, stiffness, restricted range of motion, sleeplessness, emotional distress and anxiety;

    i.       she suffered a loss of life's pleasures.

9.      Pursuant to FTCA, the Plaintiff seeks damages totaling $20,000.00 as compensation for the injuries and damages hereinbefore set forth, plus Court costs, expert fees and such other relief as the Court deems just and proper.

10.     FTCA imposes liability upon the Defendant to pay any award of damages in this case, in as much as any such award would be based upon the negligent operation of a motor vehicle by an employee of the Defendant acting in the scope of her official duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. An award of damages;

B. Costs of action incurred herein, including expert fees;

C. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

_____
John J. Esposito, Jr. (ct12646)
Law Offices of Esposito & Annunziata
373 Humphrey Street
New Haven, CT 06511
Ph. (203) 787-0154
gm@ealawoffices.com